IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LANE BUTTERFIELD,<br><br>Defendant. | Case No. CR15-0006<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of February, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Dennis E. McKelvie.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 27, 2015, Defendant Lane Butterfield was charged by Indictment (docket number 3) with conspiracy to manufacture methamphetamine (Count 1), attempted manufacture and aiding and abetting the attempted manufacture of methamphetamine (Count 2), and possession of pseudoephedrine (Count 3). At the arraignment on February 6, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 6, 2015.

DEA Task Force Officer Matt Martin testified regarding the circumstances underlying the instant charges. Just after midnight on September 15, 2013, authorities were called to the scene of a structure fire at an apartment house in Cedar Rapids. The fire started in a bedroom in the second floor apartment occupied by Defendants. An investigation revealed that the fire was caused by a failed attempt to manufacture

methamphetamine using the "one-pot method." A search conducted pursuant to a search warrant revealed controlled substances and numerous items consistent with the manufacture of methamphetamine, including lye, Coleman fuel, lithium batteries, and pseudoephedrine pills. Authorities also found store receipts showing purchases of items associated with the manufacture of methamphetamine. A subsequent review of video recordings obtained from the stores showed both Defendants making the purchases. A review of "pseudo-logs" also showed a pattern of purchasing pseudoephedrine by Defendants.

Krapfl was interviewed following the fire and claimed that she was in bed when she was awakened by Butterfield telling her there was a fire. According to Krapfl, the fire was caused by a candle or a failed power strip. Officer Martin testified, however, that the bed was made when authorities arrived and the power strip was not damaged. Butterfield was not interviewed until some time later. Butterfield admitted that the fire was caused when he dropped lithium into a vessel while attempting to manufacture methamphetamine, causing a reaction. Butterfield also admitted "failed one-pots" both before and after the fire.

The indictment was returned in this case on January 27, 2015. On February 4, 2015, both Defendants purchased pseudoephedrine at a HyVee pharmacy in Iowa City. Defendants were arrested by the United States Marshals Service the following day. Butterfield was arrested following a traffic stop, but before he could be taken into custody he called Krapfl and allegedly alerted her to the fact that he had been stopped by authorities. Krapfl was arrested approximately ten minutes later at Defendants' apartment. When Krapfl was taken to the jail, a strip search revealed two bags of methamphetamine hidden in her genitalia. Krapfl was then taken to the hospital, where a doctor found two additional bags of controlled substances hidden in her genitalia. A search of the bedroom where Defendants were staying prior to their arrest revealed numerous items consistent with the manufacture of methamphetamine. *See* Government's Exhibit 1.

According to the pretrial services report, Butterfield is 42 years old, single, and has no children. He has lived in Cedar Rapids all of his life. Defendant's mother and brother also live in Cedar Rapids. If released, Defendant would reside with his mother.

Defendant has been unemployed for approximately one year. His sole source of income is food stamps. Defendant is in good health and reports no current mental health issues. Defendant admitted that alcohol consumption has been problematic in the past, but denied he has consumed alcohol since 2011. Defendant described himself as a "drug addict," but declined to provide any details regarding his drug usage.

Defendant's criminal record includes three OWIs, six convictions for drug-related offenses, five convictions for driving without a valid license, and convictions for interference with official acts, voluntary absence (twice), public intoxication, and theft in the fifth degree.

In 1994, Defendant's probation following his conviction for OWI was revoked, but the pretrial services report is silent regarding the nature of the violations. In 2002, Defendant received a deferred judgment for two drug-related offenses. While on probation, Defendant walked away from two separate residential facility placements, committed at least one new law violation, failed to show up for appointments with his probation officer on five occasions, and tested positive for cocaine and methamphetamine. Defendant failed to appear for court proceedings on at least four occasions, with warrants issued for his arrest.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

3

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

4

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

5

disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine, attempted manufacture and aiding and abetting the attempted manufacture of methamphetamine, and possession of pseudoephedrine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending the trial. As outlined above, the evidence against Defendant is strong. He is not employed and does not have a stable residence. He has performed poorly while under supervision in the past. His probation was revoked on one occasion, and on another occasion he violated his probation repeatedly, including walking away from two halfway house placements. Defendant admits he is a "drug addict" and following his arrest, items consistent with the manufacture of methamphetamine were found in his bedroom. The Court has no confidence Defendant would comply with any terms or conditions of his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 6, 2015) to the filing of this Ruling (February 10, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of February, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA